IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES DAWES-LLOYD, | CIVIL ACTION |
| Plaintiff, | |
| | NO. 09-2388 |
| v. | |
| JASON I. WEISBROT, et al., | |
| Defendants. | |

Jones, II, J.                                                                August 31, 2010

### MEMORANDUM

Before the Court is the Motion to Dismiss of Defendants Jason I. Weisbrot, Michael Snider, Esquire and Associates, LLC, and Michael J. Snider and Associates, LLC (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6). For the reasons set forth below, the Motion to Dismiss will be granted pursuant to Rule 12(b)(2).

### I.      BACKGROUND

On May 29, 2009, Plaintiff filed her Complaint *pro se* in this matter (Dkt. No. 3). That same day, the Court dismissed the Complaint *sua sponte* (Dkt. No. 2).[1] On June 23, 2009, Plaintiff filed a Motion for Reconsideration (Dkt. No. 4), which the Court granted in part on July 27, 2009, providing Plaintiff the opportunity to amend her Complaint (Dkt. No. 7). On August 7, 2009, Plaintiff filed an "Amended Motion re: Certain Facts" (Dkt. No. 10), which the Court

---

[1] In so doing, the Court held that Plaintiff failed to comply with the requirements of Rule 8(a). *See* Dkt. No. 2.

1

permitted to be entered as an Amended Complaint on August 27, 2009 (Dkt. No. 11).[2] The Amended Complaint consists of three paragraphs, in which Plaintiff claims "Legal Mal-Practice" on the grounds that "Defendant Snider and Associates handled my breach of contract case against PublishAmerica [*sic*] in a negligent, deceptive manner" and "breached my contract with them when they failed to keep their promises and tried to coerce me into signing the opposing party's deceptive settlement agreement." (Am. Compl. ¶ 2.)

On December 23, 2009, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 18) ("Motion"), along with a supporting Memorandum of Law (Dkt. No. 19) ("Def. Mem."). Plaintiff opposed Defendants' Motion on January 7, 2010 (Dkt. No. 21) ("Pl. Opp.").

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) "allows parties to file motions when a court's jurisdiction over the subject matter of the action is in question." *Pa. Protection and Advocacy, Inc. v. Houston*, 136 F. Supp. 2d 353, 359 (E.D. Pa. 2001). A Rule 12(b)(1) motion "may challenge jurisdiction based on the face of the complaint or its existence in fact." *Id.* (citing *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A factual challenge occurs "when a party disputes the existence of certain jurisdictional facts alleged in the complaint." *Pa. Protection*, 136 F. Supp. 2d at 359 (citing *Carpet Group Int'l v. Oriental Rug*

---

[2] Plaintiff filed a separate federal suit against Publish America LLP, which was also assigned to this Court's docket. *See Dawes-Lloyd v. Publish America, LLP*, 09-cv-2387 (E.D. Pa. filed May 22, 2009) (Jones, J.). Despite her characterization here of that suit as one involving breach of contract, Plaintiff in fact brought copyright infringement claims against Publish America. *See id.*

2

*Imp. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000)). In hearing such a factual challenge, "the court is free to consider and weigh evidence outside the pleadings to resolve factual issues bearing on jurisdiction." *Pa. Protection*, 136 F. Supp. 2d at 359 (citing *Mortensen*, 549 F.2d at 891; *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Therefore, with a factual challenge, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891; *Daily v. City of Phila.*, 98 F. Supp. 2d 634, 636 (E.D.Pa. 2000).

When the challenge is facial, however, "the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff." *Pa. Protection*, 136 F. Supp. 2d at 359 (citing *Mortensen*, 549 F.2d at 891)). This presumption of truthfulness does not require the Court to credit "bald assertions," "unsupported conclusions," "unwarranted inferences," or "legal conclusions masquerading as factual conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Nor is the Court forced to "presume that the plaintiff can prove facts it has not alleged." *Pa. Protection*, 136 F. Supp. at 359 (citing *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)).

### B. Rule 12(b)(2)

Rule 12(b)(2) provides for dismissal for lack of personal jurisdiction. Once a defendant has raised lack of personal jurisdiction as a defense, the burden to prove that jurisdiction exists in the forum state lies with the plaintiff; a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). However, a plaintiff must show "with reasonable particularity" enough

contact between the defendant and the forum as to support a *prima facie* case in favor of the exercise of personal jurisdiction by the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1986); *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Thus, a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, i.e., whether *in personam* jurisdiction actually lies." *Clark v. Matsushita Elec. Indus. Co., Ltd.*, 811 F. Supp 1061, 1064 (M.D. Pa.n 1993) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.3d 61, 66 n.9 (3d Cir. 1984)).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

First, pursuant to Rule 12(b)(1), Defendants move to dismiss Plaintiff's claims for failure to properly plead diversity jurisdiction, a necessary component to establishing subject matter jurisdiction in this matter. *See* Def. Mem. at 4-5.[3] The Court acknowledges that Plaintiff has not included in her Amended Complaint either a statement averring her own state of residence nor the state of residence of Defendants. However, in her Opposition, Plaintiff claims that she is a citizen of Pennsylvania and that Defendants "reside in Baltimore[,] Maryland." Pl. Opp. at 1.

---

[3] "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and court costs, and is between –
  (1) citizens of different States;
  (2) citizens of a State and citizens or subjects of a foreign state;
  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
  (4) a foreign state ... as plaintiff and citizens of a State or of different States."

28 U.S.C. § 1332(a).

4

Granting Plaintiff's pleadings the leniency due to a *pro se* litigant,[4] the Court finds that Plaintiff could adequately amend her Complaint to include specific allegations of diversity and thus the Court maintains subject matter jurisdiction over Plaintiff's claims.

## B. Personal Jurisdiction

Second, pursuant to Rule 12(b)(2), Defendants move to dismiss Plaintiff's claims for failure to properly plead personal jurisdiction. *See* Def. Mem. at 5-8. When the issue of personal jurisdiction is raised, it is incumbent upon the plaintiff to show either that "the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has continuous and systematic contacts with the forum state (general jurisdiction)." *See Mellon Bank (East) PSFS v. Diveronica Bros. Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (internal quotations omitted). In this case, Plaintiff has provided no set of facts from which the court could infer that the Defendants have the systematic and continuous contacts with Pennsylvania necessary to establish general jurisdiction. Moreover, Defendants' Motion provides evidence to the contrary in the form of sworn affidavits averring that no Defendant practices law in Pennsylvania, that Defendants provided legal services to Plaintiff solely in Maryland for the purposes of litigation in that state and pursuant to its laws, and that none of the Defendants has property or contracts or conducts business within the forum state. *See* Ex. B to Motion, Affidavit of Michael J. Snider on Behalf of Snider & Associates, LLC; Ex. C to Motion, Affidavit of Jason I. Weisbrot, Esquire.

Therefore, whether this court has personal jurisdiction turns on whether Defendants' representation of Plaintiff in Maryland is sufficient to establish the minimum contacts necessary

---

[4] "In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff." *Johnson v. Phila. County*, No. 09-5482, 2010 WL 1995126, at *1 (E.D. Pa. May 17, 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)).

5

to show specific jurisdiction.[5] *See World-Wide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 297 (1980) (plaintiff must show that defendant's activities with the forum state are "such that he should reasonably anticipate being haled into court there"); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (due process is satisfied when non-resident defendant has established such minimum contacts with the forum state "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice"). Payment between contracting parties, and telephone calls placed or mail sent to the forum state by a party to the formation of a contract do not suffice to establish minimum contacts. *See, e.g., Time Share Vacation Club*, 735 F.2d at 65 ("The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state...").

Plaintiff has not alleged that Defendants were ever present in this state, nor made any allegation from which this court could infer that Defendants purposely availed themselves of the forum state or of the benefits and protections of its laws. Plaintiff's cause of action arises out of Defendants' activities in Maryland, not from any activities or contacts within Pennsylvania. For these reasons, Plaintiff's claims against Defendants will be dismissed for failure to establish personal jurisdiction.

## IV. CONCLUSION

Since Plaintiff has failed to establish personal jurisdiction over Defendants, this court

---

[5]"A three-prong test has emerged for determining whether the exercise of specific personal jurisdiction is appropriate: (1) the defendant must have sufficient minimum contacts with the forum state, (2) the claim asserted against the defendant must arise out of those contacts, and (3) the exercise of jurisdiction must be reasonable." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1122-23 (W.D.Pa. 1997)

6

must dismiss her claims.[6] Accordingly, Defendants Motion to Dismiss will be granted. An appropriate Order follows.

---

[6] As the Court finds that it lacks personal jurisdiction over Defendants in this matter, it need not reach Defendant's additional arguments regarding improper venue under Rule 12(b)(3) or Plaintiff's failure to state a claim for professional negligence and breach of contract under Rule 12(b)(6). *See* Def. Mem. at 8-10.